## BAER–THAYER HARDWOOD CO. v. FORNEA.

### No. 968.

Court of Appeal of Louisiana. First Circuit.

March 7, 1933.

Carter & Carter, of Franklinton, for appellant.

Ott & Johnson, of Franklinton, for appellee.

LE BLANC, Judge.

This is a suit brought by the Baer-Thayer Hardwood Company to recover of the defendant the market value of certain timber alleged to have been cut and removed by the latter from a tract of land fully described in the petition, with full knowledge that the timber belonged to the plaintiff. The quantity alleged to have been so cut and removed is 78,154 feet, and the market value claimed is $10 per thousand feet, making the demand therefor $781.54. In addition, plaintiff de-

mands $200 as attorney's fees, which expense it alleges it had been compelled to incur in order to protect its rights against the depredations of the defendant.

The defendant for answer admitted having cut 21,000 feet of timber near the land of plaintiff, but denies that it was cut off and removed from plaintiff's land. He denied that the market value of the timber was $10 per thousand feet as claimed by the plaintiff, and averred that it was $2 per thousand. In a supplemental answer, he alleged that the timber which he cut and removed, and which was situated on the lands described in plaintiff's petition, was bought by him from Ad Blackwell by a warranty deed, and he therefore called on the said Blackwell to come and defend his title. Blackwell answered the call in warranty by asserting title to the timber through Mrs. V. Wilkes and her husband since December 12, 1900. He avers that he sold the timber to Fornea for the price and sum of $100, and prays that, if there be judgment rendered against him as warrantor, the amount be restricted to that sum. .

From a judgment in favor of the plaintiff against Robert D. Fornea in the sum of $534.11 and in favor of Fornea and against Blackwell, warrantor, in the sum of $100, the latter two have appealed. The lower court did not allow the amount claimed as attorney's fees. Plaintiff answered the appeal, asking for an increase in the amount allowed for the timber, but does not ask for an amendment of the judgment with respect to the demand for attorney's fees. This latter claim therefore has passed out of the case.

On March 3, 1920, plaintiff acquired from John H. Cassidy and Daniel E. Sheridan a vast amount of timber, in which was included that on lands described as being situated in Headright Nos. 45 and 48, township 2 south, range 14 east, St. Helena meridian, lying south and west of a line which is drawn according to survey and fully described in plaintiff's petition as taken from the deed itself. The dispute arises over the proper location of that line, plaintiff relying on the survey which was made by Thomas E. Pigott who surveyed it in 1906, at the instance of J. M. Gann, former owner, and the defendant contending for a line apparently a few hundred feet south of the surveyed line, established and marked by an old fence.

Pigott testifies that he made the original surveys of these lands in 1904 and 1906, and it is important to note in this connection that on May 4, 1907, there was executed an authentic act of correction of description of part of this same land which had been conveyed to Gann by S. W. Wilkes, years before, in which act the lines are given according to survey and are the same as were run by Pigott. A similar act of correction of description was made with regard to another part of the land which had been sold to Gann by Thomas P. Fornea many years before. In July, 1906, as appears from a procès verbal recorded in the conveyance records of the parish at which time Gann and Blackwell were the respective owners of the adjoining lands, Pigott established a conventional or conditional line between the properties, which line is the same as claimed by Pigott to be the correct line as shown again by his survey made a few weeks before the institution of this suit. The procès verbal referred to recites that both Gann and Blackwell were present and accepted the line established as a result of the survey. It is signed by the parties in the presence of two witnesses, the whole being attested by Pigott, who subscribes to the document as parish surveyor for Washington parish. Blackwell's name is affixed by mark, and on the witness stand in this suit he denies that he was present and consented to his signature thereto. He insists that he knew nothing whatever of that survey, and is not bound by it. Mr. Pigott frankly states that it has been so long a time since the procès verbal was drawn that he does not remember positively whether Blackwell signed it or not. He is so certain, however, as to his usual custom in having parties present or represented and in having them sign such agreements before placing them on record that his testimony alone throws considerable doubt over Blackwell's denial of his signature. Besides this, the testimony of Henry Tyson, witness for the defendant, goes rather far in disproving Blackwell's statement that he knew nothing at all about the Pigott survey which established the conventional line, as this witness testifies that a week or two after the line was run he spoke to Blackwell himself about it, and the latter told him that he had already seen it. He says that Blackwell told him that the line was wrong; nevertheless there is nothing in the record to show that he at any time protested. In considering this important point in the testimony, the district judge remarked: "Knowing Mr. Pigott as I do, and further knowing his very cautious and careful method in fixing boundaries, I can hardly believe that Ad Blackwell's name was signed to this survey without his knowledge of the document or the survey." Certainly, in the absence of anything more than Blackwell's mere denial, we are not prepared to overrule this positive statement of the district judge.

There is no doubt but that the fence line contended for by the defendant was one of years' standing and recognized by several witnesses as the established line between the properties, but it was not a line that had been established by a survey, and besides, no claim of any rights by, or plea of prescription for, the ownership of the land or timber within that line is made by defendant or warrantor.

In view of all the circumstances as we find them, we have concluded that the fence line claimed by defendant must yield to the surveyed line established by Pigott, surveyer, and which line had been of record more than twenty years before the filing of this suit.

■ The demand is for the taking by defendant of 78,154 feet of timber. The lower court accepted an estimate of 76,302 feet furnished by Mr. W. W. McGhee, a timber scaler with twelve years' experience in the business. McGhee's estimate was based on a scale of the stumps and striking an average. The method he used is known as the Scribner-Doyle scale, which is well recognized and has been approved by the courts of this state. His estimate is not seriously contested by defendant; the only contention being that the gum timber growing in the water had had swelled butts, and some of it, after being pulled out on the hill, had to have the butts sawed off before it could be loaded and hauled to the mill. This, it is urged, necessarily made it impossible to correctly estimate the timber by measuring the stumps. But the testimony of McGhee shows that the timber in the ponds, some of which had swelled butts, had been cut waist high, which allowed for the butts in his calculation. We find no difficulty in agreeing with the district judge on this point, and in accepting with him the estimate of 76,302 feet made by Mr. McGhee.

■■ This brings us now to the last question at issue in the case and which is the most seriously disputed: That is the value of the timber. The first witness on this point was Mr. George Fields, plaintiff's manager. He says that in 1920 his company paid $4.75 per thousand for a large tract of timber, in which that in dispute was included. They paid carrying charges on the same, which he figures also as amounting to $4.75, which would make a total value of $9.50 per thousand feet. When asked on cross-examination, however, if he would give $10 per thousand for it, he answers that they are not buying at any price now. He refers to an offer his company had to sell its timber holdings at $8 per thousand feet, but says that that was several years ago. We think it is a matter of common knowledge that the timber market, the same as almost every other market, is much lower to-day than it was even a few years back, and that the value of timber

has greatly decreased. Some witnesses for the defendant place as low as a $2 per thousand value on the timber in controversy. This, of course, we believe is really less than it is worth, and at the same time we are of the opinion that the $7 value placed by the district judge is too high. From all the figures on values that appear in the record, and considering all the circumstances involved, we have come to the conclusion that $5 per thousand feet would be a fair value to allow plaintiff, and have decided to fix it at that amount. This would mean a reduction of $2 per thousand feet from the amount allowed by the judgment of the lower court, which would reduce the full amount of said judgment from the sum of $534.11 to the sum of $381.51.

For this reason, and because there are new parties defendant, we think it proper to recast the judgment, and it is accordingly ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Baer-Thayer Hardwood Company, and against the defendants Mrs. Docia Fornea, widow in community of the late Robert D. Fornea, R. H. Fornea, C. J. Fornea, Ethlebert Fornea Lang, wife of Norman Lang, W. W. Fornea, and Altus Fornea, all children of the full age of majority of the late Robert D. Fornea, and James Fornea, Muggins Fornea, Scrap Fornea, Tom Paul Fornea, and Mutton Fornea, all minor children of the late R. D. Fornea, herein represented by their duly appointed curator ad hoc, O. H. Carter, all of the parties herein named being the widow in community and sole heirs and proper representatives of Robert D. Fornea, deceased, for the full sum of $381.51 the same being the value of 76,302 feet of timber at a valuation of $5 per thousand feet, together with legal interest thereon from the date of the judgment of the district court, to wit, November 2, 1931, until paid, and all costs of this proceeding in both the district court and this court.

It is further ordered that all of the parties defendant hereinabove named as the legal representatives of the decedent, Robert D. Fornea, do have and recover judgment in their favor and in their respective capacities as such, against Ad Blackwell, warrantor in title of the late Robert D. Fornea, in the sum of $100, together with legal interest from November 2, 1931.